UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROBERTO MENJIVAR LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>Respondents. | Case No.: 3:26-cv-00554-CAB-MMP<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

Pending before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], filed by Petitioner Jose Roberto Menjivar Lopez. The parties filed briefings addressing the issues in this case. [Doc. Nos. 4–5.]  The Court finds it appropriate for determination on the papers. *See* CivLR 7.1(d)(1).  For the reasons below, the Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as his previous order of release on recognizance.

## I.     BACKGROUND

Petitioner, a Mexican national, entered the United States in 2010 when he was thirteen years old. [Petition at 2; Doc. No. 1-3 at 2.]  In 2015, Petitioner was arrested by a police officer in Yuma, Arizona who then transferred Petitioner to U.S. Border Patrol. [Petition at 2.]  U.S. Border Patrol detained Petitioner and served him with a Notice to

Appear, which charged him with being subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).    [*Id.* at 6.]    Immigration and Customs Enforcement ("ICE") subsequently released Petitioner on his own recognizance with conditions including appearing at immigration hearings, notifying ICE of any address changes, and not violating any laws.  [*Id.*; Doc. No. 1-6 at 2.]  Petitioner has applied for asylum, and his asylum claim remains pending.  [*Id.* at 6–7; Doc. No. 1-9.]

On January 16, 2026, ICE arrested Petitioner at an immigration checkpoint.  [*Id.* at 7–8.]  Petitioner remains in ICE detention under 8 U.S.C. § 1225(b)(2).  [*Id.* at 8.]

## II.    DISCUSSION

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

Petitioner argues that, *inter alia*, his detention violates the Due Process Clause of the Fifth Amendment.  [Petition at 12–15.]  The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  This protection applies to aliens as it does U.S. citizens.  *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]"  *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases).  Indeed, "the government's decision to release an individual from custody

creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Valencia Zapata*, the Northern District of California granted a TRO for a group of aliens who were detained by U.S. immigration officials, released on their own recognizance, and then re-detained by ICE without explanation. 2025 WL 2578207, at *2. The court held that the petitioners had a protectable liberty in remaining out of custody and thus had to be given notice and a hearing prior to being taken back into custody. *Id.* at *3. The operative facts here are similar. Petitioner was detained by immigration officials in 2015, released on his own recognizance, and then re-detained in 2026 without notice or a hearing, which violates the due process to which he is entitled. *See Pinchi*, 792 F. Supp. 3d at 1036 (finding likelihood of success where petitioner was released on her own recognizance then re-detained by ICE agents without notice nor pre-detention hearing). Accordingly, as Petitioner has demonstrated that his detention is unlawful pursuant to the Due Process Clause of the Fifth Amendment, the Court finds he is entitled to relief.

### III.   CONCLUSION

The Court **GRANTS** the writ of habeas corpus and orders Respondents to immediately **RELEASE** Petitioner from custody under the same conditions as his previous order of release on recognizance. Respondents are further **ENJOINED** from re-detaining him without notice and a pre-detention hearing before a neutral decisionmaker.

It is **SO ORDERED**.

Dated:  February 6, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-00554-CAB-MMP